UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMIEN WELCH,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>    Defendants. | Case No. 21-cv-09563-JST<br><br>**ORDER DENYING MOTION FOR STAY**<br><br>Re: ECF Nos. 24, 27 |

In this civil rights case, Plaintiff Damien Welch alleges that Defendant Correctional Officer Jenna Baldwin violated his rights by engaging in non-consensual sex with him while he was a pre-trial detainee in the jail of Defendant County of Santa Cruz. ECF No. 15. He brings claims for violations of 42 U.S.C. § 1983; sexual assault in violation of Cal. Civ. Code § 1708; violation of California's Bane Act, Cal. Civ. Code § 52.1(b); and negligence. *Id.* The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Following the events described in the complaint, Defendant Baldwin pleaded guilty to two counts of illegal sexual contact with Welch in a detention facility, Cal. Penal Code § 289.6(a)(2)(g), (h), and multiple counts of smuggling illegal substances into a correctional facility, Cal. Penal Code § 4573.5. ECF No. 15 ¶ 20. On March 10, 2022, she filed for Chapter 13 bankruptcy in the United States Bankruptcy Court. ECF No. 20 at 5. She has not appeared in this litigation. Plaintiff voluntarily dismissed Baldwin with prejudice on November 29, 2022. ECF No. 31.

The remaining Defendants now move for a stay of this litigation pending the resolution of Baldwin's bankruptcy. ECF No. 27. Plaintiff opposes the motion. ECF No. 24.

In their motion, Defendants argue that "[c]ourts have held that the stay can be applied to

non-bankruptcy defendants where the defendant in bankruptcy proceedings is a necessary or indispensable party." ECF No. 27 at 11 (citing *In re James Wilson Assocs.*, 965 F.2d 160, 170 (7th Cir. 1992). That was not *Wilson*'s holding, however. The *Wilson* panel actually said:

> There *may . . . be* an exception where the debtor is an indispensable party to the litigation, as suggested in *United States v. Nicolet, Inc.,* 857 F.2d 202, 203 (3d Cir. 1988), and *In re Comcoach Corp.,* 698 F.2d 571, 574 (2d Cir. 1983), which JWA might or might not be. . . . The thinking here is that if the debtor is an indispensable party, protected by the stay from involvement in the litigation, the litigation cannot proceed in his absence and therefore must be stayed as against the third party, here JWP Investors, as well. However all this may be, Metropolitan would have had to move to lift the stay as to JWP Investors, and it did not.

*Wilson*, 965 F.2d at 170 (citation omitted). Thus, what Defendants describe as *Wilson*'s holding appears to be dictum.

Even assuming Defendants correctly state the rule of decision, however, the Court finds that Baldwin is not a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure.[1] "Finding a party to be necessary under Rule 19(a)(1)(A) requires the court to determine that 'complete relief' cannot be accorded between the existing parties absent the joinder of the nonparty." *WhatsApp Inc. v. NSO Grp. Techs. Ltd.*, 472 F. Supp. 3d 649, 678 (N.D. Cal. 2020), *aff'd on other grounds,* 17 F.4th 930 (9th Cir. 2021). "This factor is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (citing Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment). "Thus if a party can recover damages sufficient to compensate for his or her injuries from the defendants already in the action, additional parties that are also jointly and severally

---

[1] "As of December 1, 2007, Rule 19 no longer refers to 'necessary' or 'indispensable' parties. Instead, it refers to 'persons required to be joined if feasible' and persons in whose absence, if they cannot be joined, the action should not proceed." *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 n.1 (9th Cir. 2010). The changes to the rule were purely stylistic, *id.* (citing Fed. R. Civ. P. 19 advisory committee's note to 2007 amendment), and the original terminology remains in use, *see, e.g., St. Paul Fire & Marine Ins. Co. v. Ins. Co. of the State of Pa.*, No. 15-cv-02744-LHK, 2016 WL 1191808, at *8 n.3 (N.D. Cal. Mar. 28, 2016) ("Rule 19(a)(1)(A) additionally states that a person is a necessary party if 'in that person's absence, the court cannot afford complete relief among existing parties.'").

liable are not needed to afford complete relief." *A.D. v. Cal. Highway Patrol*, No. 07-cv-5483-SI, 2009 WL 733872, at *2-3 (N.D. Cal. Mar. 17, 2009). Here, the Court can accord complete relief among the existing parties without joining Officer Baldwin to this case because Plaintiff Welch can recover complete compensation from the existing Defendants and no longer seeks any recovery from Officer Baldwin.

Defendants also argue that the Court should stay this litigation because "the County intends to file a crossclaim against Baldwin for contribution and indemnity but is currently barred by the automatic stay" from doing so. ECF No. 27 at 10. But "[c]ourts have consistently held that 'a defendant's possible right of reimbursement, indemnity, or contribution against an absent party is not sufficient to make the absent party indispensable to the litigation.'" *Yates v. Delano Retail Partners, LLC*, No. 10-cv-3073-CW, 2012 WL 1094444, at *3 (N.D. Cal. Mar. 29, 2012) (quoting *SASCO v. Byers*, No. 08-cv-5641-JF (RS), 2009 WL 1010513, at *2 (N.D. Cal. Apr. 14, 2009)). Thus, this also is not a basis for a stay.

For the foregoing reasons, Defendants' motion for stay is denied.

**IT IS SO ORDERED.**

Dated: December 28, 2022



_____
JON S. TIGAR
United States District Judge